IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| T.C. TYRA ELLIOTT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 19-2767-TLP-tmp |
| | ) |
| L. GOLSTON, et al., | ) |
| | ) |
|     Defendants. | ) |

_____

REPORT AND RECOMMENDATION
_____

On November 8, 2019, plaintiff T.C. Tyra Elliott filed a *pro se* complaint asserting § 1983 claims against L. Golston, Sgt. Cunningham, Deputy Moore, and Magistrate Judge James Franklin.[1] (ECF No. 1.) Judge Franklin, who sits as a Child Support Magistrate in the Juvenile Court of Memphis and Shelby County, now moves to dismiss under Rule 12(b)(6).[2] (ECF No. 9.) Elliott filed a response on February 10, 2020. (ECF No. 12.) Judge Franklin replied on

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2] Elliot subsequently filed with the court a "Supplemental Complaint." (ECF No. 13) While docketed as a motion to amend the complaint, the document filed seeks only to supplement the information provided in the original complaint. None of the information in the supplement pertains to Judge Franklin. Accordingly, it does not affect the current motion to dismiss.

February 14, 2020. (ECF No. 14.) Elliott filed a sur-reply on February 18, 2020. (ECF No. 16.) For the following reasons, it is recommended that the motion to dismiss be granted.

## I. PROPOSED FINDINGS OF FACT

Plaintiff T.C. Tyra Elliott's § 1983 complaint stems from an altercation related to state court proceedings before Magistrate Judge James Franklin. (ECF No. 1 at 2.) According to the complaint, Elliott appeared in Shelby County Juvenile Court before Judge Franklin on June 7, 2019, regarding a dispute about child support payments. (Id. at 2-3.) Elliott advised Judge Franklin that he was never served. (Id.) Elliott filed for modification on May 31, 2019. (Id.) Elliott alleges that he was "found guilty" and immediately arrested. (Id.) According to the complaint, Elliott was assaulted and threatened by the arresting officers. (Id.) Elliott was forced to pay $700.00 or serve 20 days in jail for contempt of court for failing to pay child support. (Id. at 3.) The remainder of the allegations in the complaint pertain to misconduct by the arresting officers. (Id. at 2-3.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court views the allegations in the light most favorable to the plaintiff and

accepts all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Iqbal, 556 U.S. at 677). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). To satisfy this requirement, a plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Id. (alteration omitted) (quoting Twombly, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

While courts liberally construe *pro se* arguments, even *pro se* complaints must satisfy the plausibility standard. Barnett v.

Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to pro se litigants has limits."). "The basic pleading essentials are not abrogated in pro se cases." Matthews v. City of Memphis, No. 2:14-cv-02094-JTF-cgc, 2014 WL 3049906, at *3 (W.D. Tenn. July 3, 2014) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)). Courts "have no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also (Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003) ("Neither this court nor the district court is required to create [a *pro se* litigant's] claim for her.").

**B.   § 1983 Claim Against Judge Franklin**

Judge Franklin moves to dismiss Elliott's § 1983 claim based on the fact that Elliott does not attribute any wrongdoing or misconduct to Judge Franklin. "To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law." Conexx Staffing Servs. v. PrideStaff, No. 2:17-cv-02350, 2017 WL 9477760, at *2 (W.D. Tenn. Nov. 3, 2017) (citing Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003)). The complaint does not attribute any "unconstitutional behavior" to Judge Franklin,

- 4 -

which is fatal to Elliott's claim against him. See Heyerman v. Cty. of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012); Wiles v. Ascom Transp. Sys., 478 F. App'x 283, 285 (6th Cir. 2012); see also Meals v. City of Memphis, 493 F.3d 720, 727 (6th Cir. 2007) ("Section 1983 is not itself a source of any substantive rights, but instead provides the means by which rights conferred elsewhere may be enforced."). In response to the motion to dismiss, Elliott asserts that Judge Franklin violated his rights under the Eighth, Fourth, and Fourteenth Amendments, but these conclusory allegations are insufficient to plausibly state a § 1983 claim against Judge Franklin. See Iqbal, 556 U.S. at 678. Accordingly, Elliott fails to state a claim against Judge Franklin under § 1983, and it is recommended that this claim be dismissed.

Moreover, even if Elliott had stated a claim against Judge Franklin under § 1983, Judge Franklin has absolute judicial immunity as to Elliott's claims for money damages. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." Brookings v. Clunk, 389 F.3d 614, 617 (6th Cir. 2004) (citing Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Mann v. Conlin, 22 F.3d 100, 103 (6th Cir. 1994)). "The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983." Id. (citing Briscoe v. LaHue, 460 U.S. 325, 334 (1983);

Pierson, 386 U.S. at 554-55). "In fact, judicial immunity applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice[.]" Id. (citing Pierson, 386 U.S. at 554; Mireles v. Waco, 502 U.S. 9, 11 (1991)). "However, judicial immunity does not apply if the judge's activities were 'non-judicial' in nature or if the judge's actions are performed without any jurisdiction to do so." Id. (citing Pierson, 386 U.S. at 554; Stump v. Sparkman, 435 U.S. 349, 362-63 (1978)). Neither of these exceptions apply here. Accordingly, even if Elliott stated a § 1983 claim against Judge Franklin, the absolute judicial immunity accorded to Judge Franklin would preclude Elliott's claims.

### III. RECOMMENDATION

For these reasons, it is recommended that the motion to dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 18, 2020
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S**

**OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**