IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| T.C. TYRA ELLIOTT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> L GOLSTON, SGT CUNNINGHAM, ) <br> DEPUTY MOORE, and JAMES ) <br> FRANKLIN, ) <br> ) <br> Defendants. ) | No. 2:19-cv-02767-TLP-tmp <br><br> JURY DEMAND |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff T.C. Tyra Elliott sued L. Golston, Sgt. Cunningham, Deputy Moore, and Magistrate Judge James Franklin ("Judge Franklin") pro se under 42 U.S. Code § 1983.[1] (ECF No. 1.) Judge Franklin, who sits as a Child Support Magistrate in Shelby County, Tennessee, moved to dismiss under Fed. R. Civ. P. 12(b)(6). (ECF No. 9.) Plaintiff responded to the motion to dismiss. (ECF No. 12.) Judge Franklin replied. (ECF No. 14.) And Plaintiff filed a sur-reply. (ECF No. 16.)

The Court referred this case to the Magistrate Court for determination of all pretrial matters under Administrative Order 2013-05. The Magistrate Court entered an R&R recommending that the Court grant Judge Franklin's motion to dismiss. (ECF No. 17.)

---

[1] As the Magistrate Court notes, Plaintiff filed a "Supplemental Complaint" after filing his initial complaint. (*See* ECF No. 13.) Although he docketed the document as a motion to amend the complaint, the document merely seeks to supplement the information provided in the initial complaint. Nothing in the document pertains to Judge Franklin. It thus does not affect the Court's consideration of the Magistrate Court's Report and Recommendation ("R&R") here.

For the reasons below, the Court **ADOPTS** the R&R in full. The Court thus **GRANTS** Judge Franklin's motion to dismiss and **DISMISSES WITH PREJUDICE** Plaintiff's claim against him.

I.  **The R&R**

The Magistrate Judge first found that Plaintiff's "complaint does not attribute any 'unconstitutional behavior' to Judge Franklin, which is fatal to [Plaintiff's] claim against him." (*Id.* at PageID 53–54) (citing *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012); *Wiles v. Ascom Transp. Sys.*, 478 F. App'x 283, 285 (6th Cir. 2012); *Meals v. City of Memphis*, 493 F.3d 720, 727 (6th Cir. 2007)).

Instead, the Magistrate Judge found that Plaintiff claimed in a conclusory fashion "that Judge Franklin violated his rights under the Eighth, Fourth, and Fourteenth Amendments." (*Id.* at PageID 54.) The Magistrate Judge found that "these conclusory allegations are insufficient to plausibly state a § 1983 claim against Judge Franklin." (*Id.*) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As a result, the Magistrate Judge found that Plaintiff fails to state a claim against Judge Franklin under § 1983. (*Id.*)

And "even if [Plaintiff] had stated a claim against Judge Franklin under § 1983," the Magistrate Judge found that "Judge Franklin has absolute judicial immunity as to [Plaintiff's] claims for money damages." (*Id.*) As he noted, "'[i]t is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions.'" (*Id.*) (quoting *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)). Thus, "the absolute judicial immunity accorded to Judge Franklin would preclude [Plaintiff's] claims." (*Id.* at PageID 55.)

## II. Disposition

"A party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Plaintiff timely objected to the Magistrate Judge's R&R. (ECF No. 17.) But his objections are unpersuasive.

For one, Plaintiff "raise[s] at the district court stage new arguments or issues that were not presented to the magistrate [court]" without compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 93, 936 (6th Cir. 1998)). For instance, he claims that "Magistrate Franklin had no judicial authority" over the state court proceedings concerning a dispute about child support payments. (ECF No. 25 at PageID 89; *see also* ECF No 1 at PageID 3.) He also claims bias on the part of Judge Franklin. (*Id.*) But he never made these allegations in his complaint. (*See* ECF No. 1.) So this Court cannot consider them at this stage in the litigation. *See Murr*, 200 F.3d at 902 n.1.

He also appears to claim that judicial immunity does not apply here because Judge Franklin's "activities were 'non-judicial' in nature or [his] actions [were]e performed without any jurisdiction to do so." (ECF No. 25 at PageID 89.) (quoting *Brookings*, 389 F.3d at 617.) But he alleges no facts to support this assertion. So this objection is another example of a conclusory allegation that is not specific enough "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. Conclusion

For the reasons above, the Court finds no clear error in the R&R and **ADOPTS** it in its entirety. The Court thus **GRANTS** Judge Franklin's motion to dismiss and **DISMISSES WITH PREJUDICE** Plaintiff's claim against him.

**SO ORDERED**, this 24th day of March, 2020.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE