```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

| | |
|---|---|
| T.C. TYRA ELLIOTT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 19-2767-TLP-tmp |
| | ) |
| L. GOLSTON, et al., | ) |
| | ) |
|     Defendants. | ) |

_____

### REPORT AND RECOMMENDATION
_____

Before the court is Sergeant Chad Cunningham's motion for judgment on the pleadings for failure to state a claim.[1] Plaintiff T.C. Tyra Elliott did not file a response to the motion. For the reasons below, it is recommended that the motion be denied.

### I.   PROPOSED FINDINGS OF FACT

The following findings of fact are based on the well-pleaded allegations in the complaint. (Complaint, ECF No. 1.) Consistent with the *pro se* pleading standard and Federal Rule of Civil Procedure 12, the court has construed the factual averments in the

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

complaint liberally and accepts all well-pleaded allegations as true.

Elliott appeared in Shelby County Juvenile Court on June 7, 2019, regarding a dispute about child support payments. (Id. at 2.) At the hearing, Elliott alleges he was "found guilty" and immediately arrested. (Id.) According to the complaint, Elliott was assaulted and threatened by various officers during his arrest and subsequent detention. (Id. at 2-3.) Elliott's specific allegation against Sergeant Cunningham is Elliott's statement that: "[A]s I was in a holding cell, I was threat[ened] by Sgt. Cunningham, with pepper spray in my face[,] saying he was going to spray me in the mouth if I didn't be quiet." (Id.) The complaint does not make any other allegations against Sergeant Cunningham. Elliott brings suit under 42 U.S.C. § 1983 and the court construes Elliott's complaint as alleging an excessive force claim.

Sergeant Cunningham moved for judgment on the pleadings for failure to state a claim on February 27, 2020. (ECF No. 23.) Under this district's local rules, Elliott's response was due by March 26, 2020. Elliott did not file a response by that date. On April 30, 2020, the court entered an order to show cause extending the time for Elliott to respond until May 15, 2020. (ECF No. 42.) The order cautioned that if Elliott did not respond, the court would

decide the motion based solely on the arguments made in the defendant's brief. (Id.) Elliott did not file a response.

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

Motions for judgment on the pleadings for failure to state a claim are evaluated under the same standards as a motion to dismiss under Rule 12(b)(6). Bates v. Green Farms Condo. Ass'n, No. 19-2127, 2020 WL 2111314, at *7 (6th Cir. May 4, 2020) (published). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court views plaintiffs' allegations in the light most favorable to them and accepts all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Iqbal, 556 U.S. at 677). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556

U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). To satisfy this requirement, plaintiffs must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Id. (alteration omitted) (quoting Twombly, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.

- 4 -

Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B.   Use of Force**

Sergeant Cunningham makes only one argument in favor of dismissal: that because he is not alleged to have actually pepper-sprayed Elliott, he did not use force against him and cannot be liable for excessive force. Sergeant Cunningham has not argued that his conduct, if understood as a use of force, would not be excessive under the relevant constitutional standard.[2] Sergeant Cunningham has also not moved to dismiss based on qualified immunity, although he has asserted the defense in his answer and makes clear in his brief he is not waiving such immunity. The legal question presented by this motion is thus limited to whether a police officer pointing pepper spray at someone and threatening to

---

[2] "An excessive-force claim may arise under the Fourth, Eighth, or Fourteenth Amendments." Hopper v. Phil Plummer, 887 F.3d 744, 751–52 (6th Cir. 2018). Usually, the question of which amendment applies "is not merely academic" because what level of force qualifies as excessive varies based on the amendment at issue. Id. Here though, the question is whether force was used at all, not whether the level of force used was excessive. As such, the court need not resolve which amendment governs Elliott's claim.

pepper spray them in the mouth qualifies as a use of force.

The Sixth Circuit has decided a number of cases in which police officers were accused of using excessive force because they pointed weapons at people. In each of those cases, the Sixth Circuit treated pointing weapons as being a use of force and then proceeded to analyze whether that use of force constituted excessive force.[3] Stricker v. Twp. of Cambridge, 710 F.3d 350, 364 (6th Cir. 2013); Binay v. Bettendorf, 601 F.3d 640, 650 (6th Cir. 2010); Dorsey v. Barber, 517 F.3d 389, 402 (6th Cir. 2008). Furthermore, in Kent v. Oakland Cty., the Sixth Circuit expressly described "pointing weapons" as being a "use of force[.]" Kent v. Oakland Cty., 810 F.3d 384, 394 (6th Cir. 2016). Most other circuits agree. See Michael J. Jacobsma, Non-Contact Excessive Force by Police: Is that Really a Thing?, 52 U. Rich. L. Rev. Online 1 (2017) (surveying nationwide caselaw and concluding most courts, though not all, treat pointing weapons as being a use of force). A police officer pointing pepper spray at someone and threatening to pepper spray them in the mouth thus qualifies as a use of force.

Sergeant Cunningham cites two out-of-circuit district court

---

[3] Two of these cases involved firearms rather than non-lethal weapons like pepper spray. Stricker, however, involved a taser. 710 F.3d at 364.

cases for the proposition that threats alone cannot constitute excessive force.[4] Lemmo v. City of New York, No. 08 CV 2641 RJD, 2011 WL 4592785, at *8 n.5 (E.D.N.Y. Sept. 30, 2011); Johnson v. Brown, No. 9:09-CV-0002 GTS/DEP, 2010 WL 6243352, at *6 (N.D.N.Y. Sept. 3, 2010), report and recommendation adopted, No. 9:09-CV-0002 GTS/DEP, 2011 WL 1097864 (N.D.N.Y. Mar. 22, 2011). These cases do not persuade the court that Sergeant Cunningham's position is correct. The implication of Sergeant Cunningham's argument is that a police officer threatening someone with a weapon can never result in excessive force liability, no matter how unreasonable the officer's conduct. That proposition would be inconsistent with the Sixth Circuit decisions discussed above as well as core constitutional values. It is recommended that the motion for judgment on the pleadings be denied.

### III.  RECOMMENDATION

For the reasons above, it is recommended that the motion for judgment on the pleadings be denied.

Respectfully submitted,

s/ Tu M. Pham

---

[4] Sergeant Cunningham also cites Cabaniss v. City of Riverside, 231 F. App'x 407 (6th Cir. 2007). In Cabaniss, the court stated that only the officer who pepper sprayed the plaintiff could potentially be held liable for doing so, not other officers on the scene. Id. at 413. This does not speak to the issue of whether threatening to pepper spray someone qualifies as a use of force.

```
                                TU M. PHAM
                                Chief U.S. Magistrate Judge

                                August 5, 2020
                                Date
```

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**