## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| T.C. TYRA ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02767-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| L. GOLSTON, SGT. CUNNINGHAM, and ) | |
| DEPUTY MOORE, and JAMES ) | |
| FRANKLIN, ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION FOR MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff T.C. Tyra Elliott sued L. Golston, Sgt. Cunningham, Deputy Moore, and James Franklin pro se under 42 U.S. Code § 1983. (ECF No. 1.) Defendant Cunningham ("Defendant") moved for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). (ECF No. 23.) The Court referred this case to the Magistrate Court for determination of all pretrial matters under Administrative Order 2013-05. The Magistrate Court entered a Report and Recommendation ("R&R") recommending that the Court deny Defendant's Motion for Judgment on the Pleadings. (ECF No. 80.) Defendant responded to the Magistrate Court's R&R. (ECF No. 84.) And Plaintiff replied. (ECF No. 86.)

For the reasons below, the Court **ADOPTS** the R&R in full. The Court thus **DENIES** Defendant's Motion for Judgment on the Pleadings.

## **THE REPORT AND RECOMMENDATION**

The Magistrate Court first noted that Defendant only makes one argument—that because Defendant did not spray Plaintiff, his conduct does not qualify as force. (ECF No. 80 at PageID 247.) Defendant does not argue that his conduct was not excessive. (*Id.*) And so, the Magistrate Court determined that this motion was limited to a single issue—whether a police officer pointing pepper spray and threatening to use it on someone is a use of force. (*Id.* at PageID 247–48.)

The Magistrate Court referenced several cases in which the Sixth Circuit treated an officer pointing a weapon as a use of force. (*Id.* at PageID 248) (citing *Stricker v. Twp. of Cambridge*, 710 F.3d 350, 364 (6th Cir. 2013) (analyzing whether pointing a taser gun was excessive); *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010)); *Dorsey v. Barber*, 517 F.3d 389, 402 (6th Cir. 2008); *Kent v. Oakland Cty.*, 810 F.3d 384, 394 (6th Cir. 2016). In addition, the Magistrate Court stated that most other Circuits also view pointing weapons as a use of force. (*Id.*) (citing Michael J. Jacobsma, *Non-Contact Excessive Force by Police: Is that Really a Thing?*, 52 U. RICH. L. REV. ONLINE 1 (2017)). The Magistrate Court found that this precedent shows that pointing a weapon is a use of force.

The Magistrate Court also addressed the cases that Defendant cited which proposed that threats alone cannot be excessive force. (ECF No. 23 at PageID 82–83.) The Magistrate Court explained that Defendant's cases were out-of-circuit district court cases that would conflict with Sixth Circuit precedent. (ECF No. 80 at PageID 248–49.) As a result, Defendant's cited cases failed to persuade the Magistrate Court.

In brief, the Magistrate Court recommended denial of Defendant's Motion for Judgment on the Pleadings, and Defendant objected.

**DISPOSITION**

"A party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). And "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Defendant timely objected to the Magistrate Judge's R&R. (ECF No. 84.) But his objections are unpersuasive.

First, Defendant repeats that a threat is not a use of force, and again references the same out-of-district cases that failed to persuade the Magistrate Court. (*Id.* at PageID 264.) This Court agrees with the Magistrate Court's interpretation of Sixth Circuit precedent analyzing threats as a use of force. *See Stricker*, 710 F.3d at 364. And so, this Court reaches the same outcome as the Magistrate Court.

Next, Defendant raises a new issue of whether pointing a weapon is ever *excessive.* Defendant contends that "[t]he Sixth Circuit has never found that pointing a taser, as opposed to actually discharging one, constitutes the use of excessive force." (ECF No. 84 at PageID 265.) The Defendant also argues that in each case in which the Sixth Circuit considered threats to be a use of force the Court then considered excessiveness. (*Id.* at PageID 264.) The Defendant's point about excessive force is well-taken.

Even so, as the Magistrate Court noted, Defendant did not raise excessiveness in his Motion. Defendant only raised the excessiveness argument in supplemental objections to the R&R. And so, the Magistrate Court did not have a chance to consider this issue. The Sixth Circuit has explained that "absent compelling reasons," parties may not raise "at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). This Court cannot discern compelling reasons to

consider excessiveness when the Defendant did not present it to the Magistrate Court. For that reason, this Court declines to consider whether threatening a person with pepper spray is excessive.

The Defendant also cites an out-of-circuit case that describes a hierarchy of weapons, with pepper spray being the least lethal. (ECF No. 84 at PageID 264–65.) This Court, however, does not see much difference between a taser and pepper spray. If the Sixth Circuit has considered pointing a taser to be a use of force, then surely pointing pepper spray can qualify as a use of force as well. Again though, whether that use of force is *excessive* is a different question not appropriately raised here.

As a result, this Court agrees with the Magistrate Court that threatening to use a weapon can be a use of force and that excessiveness is not a proper inquiry at this stage. For these reasons, the Court **ADOPTS** the R&R in its entirety and **DENIES** Defendant's Motion for Judgment on the Pleadings.

**SO ORDERED**, this 17th day of September, 2020.

                                                s/Thomas L. Parker
                                               THOMAS L. PARKER
                                               UNITED STATES DISTRICT JUDGE