```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```
_____

| | |
|---|---|
| T.C. TYRA ELLIOTT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 19-2767-TLP-tmp |
| | ) |
| L. GOLSTON, SGT. CUNNINGHAM, | ) |
| and DEPUTY MOORE, | ) |
| | ) |
|     Defendants. | ) |

_____

### REPORT AND RECOMMENDATION
_____

Before the court is a motion for summary judgment filed by *pro se* plaintiff T.C. Tyra Elliott on August 12, 2020.[1] (ECF No. 82.) Defendant Cunningham filed a response on September 8, 2020. (ECF No. 87.) For the reasons below, it is recommended that the motion for summary judgment be denied.

### I. PROPOSED FINDINGS OF FACT

On November 8, 2019, plaintiff T.C. Tyra Elliott filed a *pro se* complaint asserting § 1983 claims against L. Golston, Sgt. Cunningham, Deputy Moore, and Child Support Magistrate James

---

[1]Pursuant to Administrative Order 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

Franklin.[2] (ECF No. 1.) Elliott also filed a motion for leave to proceed *in forma pauperis*, which the undersigned granted on November 22, 2019. (ECF Nos. 2 & 6.)

On February 27, 2020, defendant Cunningham moved for judgment on the pleadings. (ECF No. 23.) The undersigned entered a report and recommendation on August 5, 2020, which recommended that the motion be denied. (ECF No. 80.) Based on the undersigned's report and recommendation, Elliott moved for summary judgment as to Cunningham on August 12, 2020. (ECF No. 82.) The presiding district judge adopted the report and recommendation on September 17, 2020. (ECF No. 88.)

## II. PROPOSED CONCLUSIONS OF LAW

Pursuant to Fed. R. Civ. P. 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden to "demonstrate the absence of a genuine [dispute] of

---

[2]Magistrate Franklin, who previously moved to dismiss the claims against him under Rule 12(b)(6), is no longer a party to this suit. (ECF No. 9.) The court granted Magistrate Franklin's motion to dismiss and entered judgment as to him. (ECF Nos. 30 & 33.)

material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991).

Local Rule 56.1(a) requires a party moving for summary judgment to provide "a separate, concise statement of the material facts." Similarly, Rule 56 of the Federal Rules of Civil Procedure requires that a party support or challenge factual assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Elliott has not provided any evidence to support his motion for summary judgment against Cunningham. (ECF No. 82.) Rather, he moved for summary judgment based solely on the undersigned's recommendation that defendant Cunningham's motion for judgment on the pleadings be denied. (Id. at 2.) However, the denial of one party's motion for judgment on the pleadings (or some other

- 3 -

dispositive motion) does not mean the other party is automatically entitled to summary judgment. See B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 593 (6th Cir. 2001); see also McKim v. Newmarket Techs., Inc., 370 F. App'x 600, 603-04 (6th Cir. 2010). Rather, as where parties file cross-motions for summary judgment, "the court must evaluate each party's motion on its own merits." Craig v. Bridges Bros. Trucking LLC, 823 F.3d 382, 387 (6th Cir.) (quoting Taft Broadcasting Co. v. United States, 929 F.2d 240, 248 (6th Cir. 1991)).

Elliott did not comply with Local Rule 56.1(a) and Rule 56 of the Federal Rules of Civil Procedure because he did not provide any statement of facts or any supporting evidence. Because the motion for summary judgment relies only on unsubstantiated allegations, Elliott has not carried his burden. See Celotex, 477 U.S. at 323; see also Gunn v. Senior Servs. of N. Ky., 632 F. App'x 839, 847 (6th Cir. 2015) ("'[C]onclusory and unsupported allegations, rooted in speculation,' are insufficient to create a genuine dispute of material fact for trial.") (quoting Bell v. Ohio State Univ., 351 F.3d 240, 253 (6th Cir. 2003)). Accordingly, it is recommended that Elliott's motion for summary judgment be denied.

## III. RECOMMENDATION

For the above reasons, the court recommends that the motion for summary judgment be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

February 12, 2021
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**