**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | |
|---|---|
| T.C. TYRA ELLIOTT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 19-2767-TLP-tmp |
| | ) |
| L. GOLSTON, SGT. CUNNINGHAM, | ) |
| and DEPUTY MOORE, | ) |
| | ) |
|     Defendants. | ) |

---

### REPORT AND RECOMMENDATION

---

Before the court is a motion for summary judgment filed by *pro se* plaintiff T.C. Tyra Elliott as to defendants Golston and Moore on January 22, 2020.[1] (ECF No. Nos. 96 & 97.) Defendants Golston and Moore filed a response on February 16, 2021. (ECF No. 101.) For the reasons below, it is recommended that the motion for summary judgment be denied.

### I. PROPOSED FINDINGS OF FACT

On November 8, 2019, plaintiff T.C. Tyra Elliott filed a *pro se* complaint asserting § 1983 claims against L. Golston, Sgt. Cunningham, Deputy Moore, and Child Support Magistrate James

---

[1]Pursuant to Administrative Order 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

Franklin.[2] (ECF No. 1.) Elliott also filed a motion for leave to proceed *in forma pauperis*, which the undersigned granted on November 22, 2019. (ECF Nos. 2 & 6.) Elliott moved for summary judgment as to Moore and Golston on January 22, 2021. (ECF Nos. 96 & 97.)

## II.  PROPOSED CONCLUSIONS OF LAW

Pursuant to Fed. R. Civ. P. 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden to "demonstrate the absence of a genuine [dispute] of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991).

---

[2]Magistrate Franklin, who previously moved to dismiss the claims against him under Rule 12(b)(6), is no longer a party to this suit. (ECF No. 9.) The court granted Magistrate Franklin's motion to dismiss and entered judgment as to him. (ECF Nos. 30 & 33.)

Local Rule 56.1(a) requires a party moving for summary judgment to provide "a separate, concise statement of the material facts." Similarly, Rule 56 of the Federal Rules of Civil Procedure requires that a party support or challenge factual assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Elliott's motions for summary judgment as to Moore and Golston lack any substantive arguments or citations to case law. (ECF Nos. 96 & 97.) In addition, while Elliott attached exhibits, he did not make any factual assertions or file "a separate, concise statement of the material facts" as required by the Local Rules.[3] Accordingly, it is recommended that Elliott's motion for summary judgment as to Moore and Golston be denied.

### III. RECOMMENDATION

---

[3]Defendants Golston and Moore attached to their response the version of the motion for summary judgment Elliott served on them. (ECF No. 101-1.) While Elliott never filed this version of his motion for summary judgment with the court, this alternative version similarly lacks a separate statement of facts.

For the above reasons, the court recommends that motion for summary judgment be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

February 16, 2021
            Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**