IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| T.C. TYRA ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02767-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| L GOLSTON, Shelby County Sheriff, SGT ) | |
| CUNNINGHAM, DEPUTY MOORE, and ) | |
| JAMES FRANKLIN, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT**

Plaintiff moves for relief from final judgment under Federal Rule of Civil Procedure 60(b)(3). (ECF No. 56.) Defendant James Franklin responded in opposition. (ECF No. 57.) And Plaintiff replied. (ECF No. 60.) For the reasons below, the Court **DENIES** Plaintiff's motion.

**BACKGROUND**

For background, Plaintiff sued Defendant James Franklin, who is a child support magistrate judge in Shelby County, Tennessee. (ECF No. 30 at PageID 97.) Chief Magistrate Judge Pham recommended that this Court dismiss Defendant Franklin as a defendant in this case. (*See id.*) The Magistrate Court gave two reasons: (1) Plaintiff did not allege that Defendant Franklin committed any unconstitutional behavior, and (2) Defendant Franklin enjoys absolute judicial immunity from claims for money damages. (*Id.* at PageID 98.) This Court agreed and adopted the Magistrate Court's Report and Recommendation. (*Id*. at PageID 99–100.) And so,

this Court dismissed Defendant Franklin from this matter with prejudice and entered judgment. (ECF Nos. 30, 31, & 33.)

Plaintiff now requests relief from "final" judgment stating, "James Franklin . . . presented himself as a[n] Appointed Magistrate of the Courts when indeed he is only a Title iv d administrative referee." (ECF No. 56 at PageID 175.) Defendant Franklin opposes Plaintiff's motion, explaining that relief from final judgment is inappropriate here, since the Court has not entered a final judgment. (ECF No. 57.) And for the reasons below, the Court agrees with Defendant.

## ANALYSIS

For starters, Plaintiff moves under Fed. R. Civ. P. 60(b)(3), which states, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for fraud, misrepresentation, or misconduct by an opposing party."

Plaintiff's problem is that Rule 60 refers to "final" judgments—not interlocutory judgments. *See* Fed. R. Civ. P. 60(b) Commentary ("Rule 60(b) provides a mechanism for a party to obtain relief from a final judgment . . . It does not apply to interlocutory judgments."). And a final judgment ends *all* claims against *all* parties. *In re Fifth Third Early Access Cash Advance Litigation*, 925 F.3d 265, 273 (6th Cir. 2019) ("For the most part, a district court's decision counts as final only if it takes care of all claims and all parties in the case.") (quoting *Adler v. Elk Glenn, LLC*, 758 F.3d 737, 739 (6th Cir. 2014) (Sutton, J., concurring) (internal quotation marks omitted)). This Court has not entered final judgment in this matter, because there are remaining parties and claims.

In an earlier motion, Plaintiff moved under Federal Rule of Civil Procedure 54 requesting this Court to direct final judgment against Defendant Franklin. (ECF No. 43.) This Court denied that request. (ECF No. 69.) And so, Plaintiff's Rule 60 motion is, at best, premature.

And yet, even if the Court were to consider the merits of Plaintiff's motion, the Court would still deny it.  To explain, Plaintiff claims that Judge Franklin committed fraud by wrongly presenting himself as a magistrate judge.  (ECF No. 56 at PageID 175.)  Plaintiff's argument has no merit, as Defendant Franklin is, in fact, considered a child support magistrate judge in Tennessee.[1]  The Court therefore finds that Defendant Franklin has not committed fraud.

To conclude, the Court **DENIES** Plaintiff's motion for relief from final judgment, because it is untimely and has no merit.

**SO ORDERED**, this 17th day of February, 2021.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[1] *See* http://tncourts.gov/courts/judges/james-franklin (referring to James Franklin as "Child Support Magistrate").