# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| T.C. TYRA ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02767-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| L. GOLSTON, Shelby County Sheriff, SGT | ) | |
| CUNNINGHAM, DEPUTY MOORE, and | ) | |
| JAMES FRANKLIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff T.C. Tyra Elliott sued L. Golston, Sgt. Cunningham, Deputy Moore, and James Franklin pro se under 42 U.S. Code § 1983. (ECF No. 1.) And the Court referred this case to the Magistrate Court for determination of all pretrial matters under Administrative Order 2013-05. Plaintiff now moves for summary judgment as to Defendants Moore and Golston. (ECF Nos. 96 & 97.) The Magistrate Court entered a Report and Recommendation ("R&R") recommending that this Court deny Plaintiff's Motion for Summary Judgment. (ECF No. 102.)

For the reasons below, the Court **ADOPTS** the R&R in full and thus **DENIES** Plaintiff's Motion for Summary Judgment.

## THE REPORT AND RECOMMENDATION

First, the Magistrate Court thoroughly outlined the summary judgment standard and rules. (ECF No. 102 at PageID 356–57.) The Magistrate Court then explained that Plaintiff did not make any substantive arguments, citations to case law, or factual assertions. (*Id.* at PageID

357.) And while Plaintiff did attach exhibits, he did not include "a separate, concise statement of the material facts" as required by the Local Rules. (*Id.* at PageID 357.) And so, the Magistrate Court recommended this Court deny Plaintiff's motion for summary judgment.

## DISPOSITION

"A party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). When reviewing a Report and Recommendation from the Magistrate Court,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3).

And a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). "A general objection that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted); *see also Howard*, 932 F.2d at 509.

With these standards in mind, the Court adopts the R&R in full. The Court first notes that Plaintiff filed a two-page summary judgment motion that features a short list of exhibits. (ECF No. 96.) The motion simply states, "I will be presenting these [c]opies of documents, video and audio labeled as [e]xhibits to help support my claims against the defendants." (*Id.* at

PageID 307.)  Plaintiff made no arguments or factual assertions in his motion.  (*See id.*)  As a result, the Court cannot begin to discern the basis for Plaintiff's motion.

What is more, Plaintiff "objected" to the R&R, but he did so without identifying any specific problem with the Magistrate Court's analysis.  (ECF No. 107 at PageID 384–85.)  Instead, Plaintiff claims he tried to submit exhibits to the Court in "Windows format" and on a flash drive but that the Clerk's office returned those exhibits to him.  (*Id.*)  Yet even if Plaintiff had successfully filed the exhibits with the Clerk, this Court would still deny his motion.  The reason is that Plaintiff failed to put forth any reason justifying summary judgment in his favor at this stage.  (*See* ECF No. 96.)  And it is not the Court's responsibility to wade through exhibits and construct his argument for him.  The Court finds Plaintiff's objections unpersuasive.

The Court therefore **ADOPTS** the R&R in full (ECF No. 102) and **DENIES** Plaintiff's motion for summary judgment.  (ECF Nos. 96 & 97.)

**SO ORDERED**, this 15th day of March, 2021.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE