IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| T.C. TYRA ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02767-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| L. GOLSTON, Shelby County Sheriff, SGT CUNNINGHAM, and DEPUTY MOORE | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff, T.C. Tyra Elliott, sued Defendants— Deputy Leon Golston, Sergeant Chad Cunningham, and Deputy Deddrick Moore—pro se under 42 U.S.C. § 1983. (ECF No. 1.) And, after years of litigation, each Defendant moved for summary judgment based on qualified immunity. (ECF Nos. 112, 113 & 114.) Under Administrative Order 2013–05, the Court referred this case to Chief Magistrate Judge Tu Pham ("Chief Judge Pham") for management of all pretrial matters.

Having analyzed the motions, Plaintiff's responses (ECF Nos. 115, 116 & 119), and the video recordings of the incidents, Chief Judge Pham issued a Report and Recommendation ("R&R")—recommending the Court grant Defendants' summary judgment motions. (ECF No. 137.) Afterwards, Plaintiff objected to the R&R (ECF No. 141) and Defendants responded to Plaintiff's objection (ECF No. 144).

Now, after reviewing Chief Judge Pham's R&R, Plaintiff's objections and Defendants' responses, this Court **ADOPTS** the R&R and **GRANTS** Defendants' motions for summary judgment (ECF Nos. 112, 113 & 114).

## BACKGROUND

### I.     Plaintiff's Allegations[1]

Plaintiff's claims lack detail and context, but the Court attempts to outline his allegations by summarizing his complaint (ECF No. 1) and supplemental complaint (ECF No. 13).

Plaintiff's suit stems from two separate events. During the first event, in June 2019, Plaintiff alleges that officers arrested and handcuffed him after leaving Shelby County Juvenile Court. (ECF No. 1 at PageID 2.) While handcuffed, Plaintiff claims that Defendant "Goldston and another officer" assaulted him. (*Id*.) The officers then took Plaintiff to a holding cell, where Defendant Cunningham threatened to pepper spray him if he "didn't be quiet." (*Id.* at PageID 3.) At some point, one officer took Plaintiff "to the Ground" and "2 or 3 more officers" jumped on him. (*Id.*) Plaintiff then required medical attention so the officers took him to the hospital with "elevated blood pressure," an "elevated heart rate," and a "contusion to the neck and face." (*Id.*)

As for the second event, in January 2020, Plaintiff returned to Shelby County Juvenile Court. (ECF No. 13 at PageID 37.) At some point, "an Advocate of the Courts" called "a sergeant" on Plaintiff. (*Id*.) Defendant Moore then arrived and "forced" Plaintiff "to the holding

---

[1] Typically, the Court would not reference the allegations in a plaintiff's complaint when addressing a motion for summary judgment. Instead, the Court would look to the statement of undisputed material facts and the response to that document, to outline the events of the case. But because Plaintiff never submitted a statement of facts in his summary judgment filings, and because he never responded to Defendants' statement of facts, the only way for this Court to put this dispute in context is to reference the facts outlined in Plaintiff's complaint and supplemental filing. The Court only provides this information to frame its discussion on the summary judgment motion and does not weigh the allegations in Plaintiff's complaint when ruling on the R&R.

cell." (*Id.*) And in the holding cell, Defendant Moore "proceeded to throw [Plaintiff] against the wall and handcuff [him][.]" (*Id.*) Later, the "Sergeant" told Plaintiff that he was being arrested for "filming in the Courtroom," and an officer went on to search Plaintiff and take his phone. (*Id.*) Plaintiff claims that the officers kept him in the holding cell "for about [sic] hour and forty minutes" before calling the paramedics and transporting Plaintiff to the hospital for "critical blood pressure level[s] and elevated heart rate." (*Id.*)

## II.     Procedural History

In his original complaint, Plaintiff sued Defendants Deputy Leon Golston, Sergeant Chad Cunningham, Deputy Deddrick Moore, and Magistrate James Franklin ("Judge Franklin") under 42 U.S.C. § 1983 for the events during the June event mentioned above. (ECF No 1.) But the Court dismissed the claims against Defendant Judge Franklin (ECF No. 30), following his motion to dismiss (ECF No. 9).

Plaintiff then moved to amend his complaint with supplemental information stemming from the January event discussed above, before the other Defendants responded. (ECF No. 13.) Eventually, the three remaining Defendants answered Plaintiff's complaint and the supplemental allegations in his motion to amend. (ECF Nos. 15 & 22.)[2]

Defendant Cunningham then moved for judgment on the pleadings. (ECF No. 23.) In that motion, Defendant Cunningham argued that Plaintiff failed to state a claim against him. (*Id.*) More specifically, Defendant Cunningham argued that Plaintiff's claims against him, that he threatened to spray Plaintiff with pepper spray, could not amount to an excessive force claim under § 1983. (*Id.* at PageID 80–81.) Plaintiff failed to respond to the motion, even after Chief

---

[2] Chief Judge Pham granted Plaintiff's motion to amend, after all Defendants answered the additional allegations. (ECF No. 40.)

Judge Pham ordered him to show cause (ECF No. 42).  (ECF No. 80.)  Even still, the Court denied Defendant Cunningham's motion.  (ECF No. 88.)

Later, Plaintiff moved for summary judgment against Defendant Cunningham (ECF No. 82) and then against Defendants Golston and Moore (ECF No. 96).  After the parties' fully briefed those motions, the Court denied Plaintiff's motions because they lacked any substantive arguments, case citations, supporting evidence, or a statement of material facts.  (ECF Nos. 106 & 109.)

Defendants then moved individually for summary judgment a few months later.  (ECF Nos. 112, 113 & 114.)  They each argued that qualified immunity insulates them from Plaintiff's claims.  (*Id.*)  Plaintiff responded to these motions (ECF Nos. 115, 116 & 119), but also claimed that the Clerk's office prohibited him from submitting video evidence, documenting the June and January events underlying his suit, that supported his claims.  (ECF No. 115.)  So before Chief Judge Pham ruled on the summary judgment motions, he entered an order permitting Plaintiff to submit his physical video evidence to the Clerk's office.  (ECF No. 118.)  After Plaintiff filed that video evidence, and considering the briefs, Chief Judge Pham issued an R&R, recommending that this Court grant Defendants' motions for summary judgment.  (ECF No. 137.)

## THE REPORT AND RECOMMENDATION

Chief Magistrate Judge Pham began the R&R by outlining his proposed findings of fact.  (*Id.* at PageID 494.)  And his proposed findings of fact started with two crucial notes.  First, because Plaintiff never responded to Defendants' factual claims, Chief Judge Pham found each Defendant's statement of undisputed material facts as "undisputed for the purpose of resolving" the summary judgment motions.  (*Id.* at PageID 494–496.)  And under Federal Rule of Civil

4

Procedure 56, courts can consider an unchallenged fact to be undisputed for summary judgment. (*Id*. at PageID 495.)

Second, Chief Judge Pham accepted and considered Plaintiff's submitted video recordings. (*Id*. at PageID 499.) Even still, Chief Judge Pham only considered the video recordings themselves, not the additional "legal arguments" and "commentary on the videos" that Plaintiff included with the physical recordings. (*Id.* at PageID 500.)

After attending to these points, Chief Judge Pham described the facts of the June and January events based on Defendants' statements of undisputed facts and Plaintiff's video recordings. (*Id.* at PageID 500–08.)[3] In this section, Chief Judge Pham thoroughly covered the timeline for both events; described the relevant sections of Plaintiff's video recordings, including pertinent timestamps; and addressed the undisputed findings of fact based on each Defendant's statement. (*Id.*)

Next, Chief Judge Pham recited the standards for summary judgment and for qualified immunity. In doing so, Judge Pham reviewed how courts should address summary judgment motions, detailed the standard for qualified immunity, and outlined Plaintiff's burden for overcoming Defendants' defense for his excessive force claim. (*Id.* at PageID 509–13.)

Lastly, Chief Judge Pham applied these legal standards to the facts here. He addressed each Defendant's qualified immunity claim, assessed whether Plaintiff met his burden to show that qualified immunity was improper, and recommended an outcome to this Court. (*Id.* at PageID 513–20.) With these ideas in mind, Chief Judge Pham suggested that this Court grant summary judgment for Defendants Golston and Moore. (*Id.* at PageID 513–16, 519–20.) He

---

[3] Chief Judge Pham's R&R thoroughly covers the timeline of events for both incidents. For a detailed account of the occurrences of this case, including a record of the pertinent timestamps in Plaintiff's video recordings, *see id.* at PageID 500–08.

reached this conclusion because Plaintiff did not show that Defendants violated his constitutional rights and because no reasonable juror could find that these Defendants exhibited an objectively unreasonable amount of force.[4]  (*Id.*)  And Chief Judge Pham also suggested that this Court grant Defendant Cunningham's summary judgment motion because Plaintiff failed to show that; if Defendant Cunningham violated his constitutional rights, that the right was clearly established. (*Id.* at PageID 518–19)[5]

After reviewing the R&R, the motions for summary judgment, the video recordings, the relevant case law, and the other notable filings, the Court finds that Chief Judge Pham outlined the appropriate legal standards and correctly applied these standards to the facts of the case.

## DISPOSITION

Now turning to this Court's analysis.  The Court looks first to the Federal Rules of Civil Procedure for guidance about R&Rs.  For example, Rule 72(b)(2) states that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.  But the Court should review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition;

---

[4] Chief Judge Pham also believed that this Court could grant Defendants' motion here even if they violated Plaintiff's constitutional rights because Plaintiff did not show that the rights were clearly established.  (*Id.* at PageID 513–16, 519–20.)

[5] Chief Judge Pham did not conclude whether Defendant Cunningham violated Plaintiff's constitutional rights, but noted that several out-of-circuit cases that imply that Defendant Cunningham's actions were not an objectively unreasonable use of force.  (*Id.* at PageID 516–18.)

6

receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* A district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

And a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also United States v. Berry*, Nos. 05-20048, 10-12633, 2011 WL 1627902, at *2 (E.D. Mich. Apr. 29, 2011) ("[O]bjections to a magistrate judge's report and recommendation must be specific challenges to the magistrate judge's conclusions."). "A general objection that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted); *see also Howard*, 932 F.2d at 509 (finding that a general objection to the entirety of a magistrate judge's report "has the same effects as would a failure to object").

What is more, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In sum, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *Miller*, 50 F.3d at 380).

About five days after Chief Judge Pham issued the R&R, Plaintiff objected. (ECF No. 141.) And Defendants responded to Plaintiff's objection a few days later. (ECF No. 144.) That

7

said, as Defendants note, Plaintiff's objections are improper. (*Id.* at PageID 542.) Plaintiff neither objected to the Chief Judge Pham's finding of facts, nor does he comment on Chief Judge Pham's legal analysis. (*See* ECF No. 141.) In fact, most of Plaintiff's filing focuses on matters outside the scope of his complaint, other rulings here, a Defendant who is no longer party to this suit, and personal attacks on Chief Judge Pham. (*Id.*) When Plaintiff referred to the R&R, he merely restated the arguments he made in his complaint and later filings. (*Id.*) These objections fail to address Chief Judge Pham's explanation for *why* the original arguments were deficient; and, instead, amount to baseless repetition. Courts treat objections like this—"vague, general, or conclusory"—as "tantamount to a [ ] failure to object." *Slater*, 28 F. App'x at 513 (6th Cir. 2002). And Plaintiff's objections here are therefore improper. (*Id.*)[6]

---

[6] Although the Court does not believe that Plaintiff raised any specific, articulable objections, it chooses to address two comments that Plaintiff made, in passing, in his response to the R&R. First, Plaintiff implies that Defendant Moore is not entitled to qualified immunity because "my Established Constitutional Rights were violated and unreasonable seizure is clearly a 4th amendment violation Case law has also established United States v Perez 6th circuit applies to deputy Moore[.]" (ECF No. 141 PageID 526.) There are a few problems with Plaintiff's line of reasoning. First, the Court is unaware of the case that Plaintiff references; and, as a result, cannot evaluate its applicability here. But even if the case were directly on point, Chief Judge Pham suggested that qualified immunity still shields Defendant Moore because Plaintiff failed to show that Defendant Moore violated his rights. (ECF No. 137 at PageID 519.) So even if Plaintiff could show that his constitutional rights were clearly established—and again, the Court is not suggesting that Plaintiff met this burden—he still failed to show that Defendant Moore's action violated his rights. And, second, because Plaintiff never addressed either prong of the qualified immunity analysis in his response to Defendant Moore's motion, Plaintiff's argument is new and this Court need not address it. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Plaintiff also comments, in passing, that Chief Judge Pham's suggestion that qualified immunity also protects Defendant Cunningham goes against the Sixth Circuit's holding in *Dorsey v. Barber*, 517 F.3d 389 (6th Cir. 2008). Plaintiff, however, is mistaken. As Chief Judge Pham noted in his R&R on Defendant Cunningham's motion for judgment on the pleadings (ECF No. 80), *Dorsey* merely holds that an officer shows force when they "order [people] to the ground at gunpoint[.]" *Dorsey*, 517 F.3d at 401. Even so, at the summary judgment phase, the question that Chief Magistrate Judge Pham addressed was whether Defendant Cunningham's use of force was *reasonable*, not whether the officer used force at all. For that reason, Chief Judge Pham's R&Rs are consistent. Plus Chief Magistrate Judge Pham did not rule on the constitutional violation question. Instead, he held that Plaintiff failed to meet

8

## **CONCLUSION**

Having reviewed the R&R and the entire record here, the Court **ADOPTS** the R&R in full (ECF No. 137) and **GRANTS** each Defendant's motion for summary judgment. (ECF Nos. 112, 113 & 114.)

**SO ORDERED**, this 22nd day of March, 2022.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE

---

his burden to overcome the qualified immunity defense because Plaintiff could not show that the right that Defendant Cunningham *may* have violated was clearly established. (ECF No. 137 at PageID 518–19.)