IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| T.C. TYRA ELLIOTT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 19-2767-TLP-tmp |
| | ) |
| L. GOLSTON, et al., | ) |
| | ) |
|     Defendants. | ) |

_____

**ORDER DENYING MOTION TO RECUSE**
_____

Before the court is plaintiff T.C. Tyra Elliott's post-judgment Motion for Recusal. (ECF No. 149.) For the below reasons, the motion is DENIED.

**I. BACKGROUND**

On November 8, 2019, plaintiff T.C. Tyra Elliott filed a *pro se* complaint asserting § 1983 claims against Shelby County Sheriff's Office ("SCSO") Deputy Leon Golston, Jr., Deputy Deddrick Moore, and Sergeant Chad Cunningham.[1] On May 20, 2020, as the court began transitioning to remote proceedings due to the

---

[1] Elliott's complaint also originally named Magistrate James Franklin as a defendant. (ECF No. 1.) Magistrate Franklin subsequently moved to dismiss the claims against him under Rule 12(b)(6). (ECF No. 9.) The court granted Magistrate Franklin's motion and dismissed him from the lawsuit. (ECF Nos. 30 & 33.)

COVID-19 pandemic, the undersigned held a telephonic scheduling conference during which Elliott repeatedly acted "unruly, disruptive, and disobedient." (ECF No. 59 at PageID 184.) Towards the end of the call, Elliott informed the court that he was recording the conference, and the undersigned informed him that recording a judicial proceeding violates federal law. (Id.) Instead of complying with the undersigned's instruction and ceasing the recording, Elliott insisted that recording the proceeding did not violate the law. (Id.) Due to Elliot's continued disruptive conduct, the undersigned ended the conference call.

On July 30, 2020, Elliot filed a motion to amend and supplement his *pro se* complaint. (ECF No. 79.) As part of this motion, Elliot sought to add the undersigned as a defendant "for violation of my federal Right to record my telephonic Scheduling conference hearing." (Id. at PageID 242.) The undersigned denied the motion to file an amended complaint, including the undersigned's addition as a defendant.[2] (ECF No. 104 at PageID 370.) In so ruling, the undersigned stated the following:

> Elliott asserts that the undersigned violated his "federal right to record [the] telephonic scheduling conference." (ECF No. 79, at 3.) No such right exists. In fact, the unauthorized recording of federal court

---

[2] In this motion, Elliot also requested to retract certain allegations from his original complaint and to replace those allegations with new ones. (ECF No. 104 at PageID 372.) The motion was granted as to that request. (Id.)

- 2 -

proceedings is unlawful. The recording of federal court proceedings is governed by the Judicial Conference of the United States and by Local Rule. The Judicial Conference has a longstanding policy that recording federal court proceedings is prohibited absent prior judicial authorization. See JCUS Proceedings, Sept. 1996, at 54. Likewise, the Local Rules prohibit "the recording of transmission of Court proceedings." See LR 83.2. This includes "proceedings before a Magistrate Judge, whether or not Court is actually in session." Id. It is also worth noting that there is no First Amendment right to record court proceedings. See McKay v. Federspiel, 2014 U.S. Dist. LEXIS 49417, at *16 (E.D. Mich. April 10, 2014) (citing Estes v. Texas, 381 U.S. 532, 539 (1965); Chandler v. Florida, 449 U.S. 560, 569 (1981))

Moreover, the undersigned is not a state actor subject to suit under § 1983, and federal judges have absolute immunity from liability to civil suit. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Pierson v. Ray, 386 U.S. 547 554 (1967); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). Judicial immunity is overcome if: (1) the conduct alleged is performed at a time when the judicial officer is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject-matter jurisdiction of the court over which he or she presides. Barnes, 105 F.3d at 1116. Neither exception applies in this case. See Stine v. Lappin, No. 08-cv-00164, 2009 U.S. Dist. LEXIS 14604, 2009 WL 507786, at *1 (D. Colo. Feb. 25, 2009) (denying motion to amend complaint to add as defendant magistrate judge assigned to case because amendment would be futile; proposed amendment was based on facts arising while case was pending, not on the factual allegations underlying the complaint); Dimitric v. Tex. Workforce Comm'n, No. G-07-247, 2009 U.S. Dist. LEXIS 20191, 2009 WL 674391, at *4 (S.D. Tex. Mar. 13, 2009) (denying plaintiff's motion to add district judge and magistrate judge assigned to case as defendants based on allegations that judges conspired with other defendants, as judges would be entitled to judicial immunity thus making the amendment futile). Accordingly, Elliott fails to state a claim against the undersigned, and amendment would also be futile in this regard.

(Id. at PageID 370-72.)

On May 11, 2021, defendants each filed motions for summary judgment. (ECF Nos. 112, 113, 114.) On May 24, 2021, the court entered an order granting Elliott leave to file video recordings that he had obtained from the defendants during discovery and which he claimed showed his physical altercations with the defendants at issue in this case. (ECF No. 137 at PageID 497-98.) In response to that order, on June 1, 2021, Elliott filed five CDs labeled "V1" through "V5," each containing several video files, along with a document styled "Demonstrative Exhibits in Response to Defendants Summary Judgment," in which he attempted to provide his own commentary regarding the events depicted in the video recordings. (Id. at PageID 498.) On June 16, 2021, defendants filed a motion to strike portions of the notice of filing as exceeding the scope of the court's order authorizing Elliott to file video recordings. (Id.) Elliott filed a response on June 28, 2021, urging the court not to strike his notice of filing. (Id.) Since the video recordings were produced by the defendants during discovery and in light of Elliot's status as a *pro se* litigant, the undersigned gave Elliott the benefit of the doubt and considered the video recordings contained on the CDs. (Id. at PageID 499.)

After reviewing the briefings and all of the evidence,

including Elliot's video footage, the undersigned entered a Report and Recommendation on February 17, 2022, recommending that all three motions for summary judgment be granted. (ECF No. 137.) On March 22, 2022, the presiding district judge adopted the Report and Recommendation and granted defendants' motions for summary judgment. (ECF No. 145.) Judgment was entered on March 24, 2022. (ECF No. 146.) On April 11, 2022, Elliot filed a Notice of Appeal of the judgment to the Sixth Circuit Court of Appeals. (ECF No. 148.) That appeal remains pending.

Afterwards, on April 13, 2022, Elliot filed the present motion.³ (ECF No. 149.) Elliott appears to argue that the undersigned should recuse himself for three reasons. First, Elliot argues that the undersigned should have recused when Elliot attempted to name the undersigned in his amended complaint. (Id. at PageID 559-60.) Second, Elliot claims that the undersigned violated Federal Rule of Evidence 605 because the undersigned, in ruling on various motions filed by Elliot during this litigation, has provided "witness" testimony. (Id.) Third, Elliot contends that the undersigned violated Elliot's First Amendment rights by

---

³Elliott has previously made assertions of bias by the court and has unsuccessfully sought the undersigned's recusal on several occasions. (ECF Nos. 35, 43, 47, 51, 53, 54, 56, 58, 60, 61, 63, 64 & 66.) The presiding district judge affirmed the undersigned's denial of Elliott's motion for recusal and later denied Elliot's motion for reconsideration. (ECF Nos. 62, 78.)

preventing him from recording his scheduling conference. (Id. at PageID 560.)

## II. ANALYSIS

Judges are presumed impartial, and the moving party carries the burden of demonstrating that recusal or disqualification is warranted. Burley v. Gagacki, 834 F.3d 606, 616 (6th Cir. 2016) (citing Consol. Rail Corp. v. Yashinsky, 170 F.3d 591, 597 (6th Cir. 1999)). "Under 28 U.S.C. § 455(a), a judge 'shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" Melchor v. United States, No. 16-1160, 2016 WL 9447162, at *2 (6th Cir. Sept. 23, 2016) (quoting 28 U.S.C. § 455(a)). "[R]ecusal is required if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." Id. (internal quotations and citations omitted). "The judge need not recuse himself based on the subjective view of a party, no matter how strongly that view is held." Id. (internal quotations, citations, and alterations omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "[O]nly in the rarest circumstances" can rulings "evidence the degree of favoritism or antagonism required" to justify recusal. Id. Similarly,

- 6 -

"[j]udicial remarks" accompanying a ruling "ordinarily do not support a bias or partiality challenge." Id.

Additionally, a judge must also recuse "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b). 28 U.S.C. § 455(b)(5)(iv) specifically requires that a judge recuse if he or she is "likely to be a material witness in the proceeding." See also Code of Conduct for United States Judges, Canon 3(C)(1)(d)(iv).

**A.   The Naming of the Undersigned in Elliot's Amended Complaint**

Elliot argues that the undersigned should have recused when Elliot attempted to add the undersigned as a defendant in his amended complaint. (ECF No. 149 at PageID 560.) Although a judge is generally required to disqualify him or herself when he or she is "a party to the proceeding," 28 U.S.C. § 455(b)(5)(i), courts have held that, "[i]n order to guard against 'judge shopping,'" this rule is inapplicable where there is "no legitimate basis for suing the judge." Tamburro v. City of East Providence, 981 F.2d 1245 (table), 1992 WL 380010, at *1 (1st Cir. 1992) (quoting Andersen v. Roszkowski, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), aff'd 894 F.2d 1338 (7th Cir. 1990)); see also Rodman v. Misner, 852 F.2d 569 (table), 1988 WL 76545, at *1 (6th Cir. 1988) ("The rule is that a judge is not disqualified from hearing

a case merely because a litigant sues or threatens to sue him or her.") (citing United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977)); United States v Berry, No. 15-20743, 2018 WL 10418594, at *1 (E.D. Mich. Feb. 23, 2018) ("In pursuing legal action against the undersigned after the instigation of this case, the defendant has attempted to manufacture a basis for recusal. The Court finds that the defendant's motion . . . has not raised issues that would warrant recusal for bias, prejudice, or financial interest, and the Court's impartiality cannot reasonably be questioned."); DiMartino v. Pulice, No. 3:16-CV-0378, 2017 WL 958391, at *2 (D. Conn. Mar. 10, 2017) ("The statute governing recusal . . . appears to mandate recusal . . . when a judge is a party to . . . a proceeding[.] However, it is clear that a judge is not disqualified . . . merely because a litigant sues or threatens to sue him."). These principles apply when a litigant names the judge in an amended complaint, perhaps in an effort to obtain the judge's disqualification. 32 Am. Jur. 2d Fed. Courts § 92 ("A judge who is named in an amended complaint is not required to disqualify him or herself unless there is a legitimate basis for suing the judge."); see also Sullivan v. Conway, 157 F.3d 1092, 1096 (7th Cir. 1998) ("[I]t is improper for a lawyer or litigant . . . to *create* the ground on which he seeks the recusal of the judge assigned to the case. That is arrant judge-shopping.")

As stated in the order denying the motion to amend the complaint, there was no legitimate basis for Elliot's claims against the undersigned. Therefore, Elliot's attempt to add the undersigned as a defendant did not require recusal.

## B. The Allegation that the Undersigned Acted as a Witness

Elliot argues that the undersigned "gave several testimonies on record during the administrative process and that violates Rule 605. He should recuse himself immediately for acting as a witness and giving statements about my actions indeed makes him a witness and he will be called upon." (ECF No. 149 at PageID 559.) Further, Elliot states, "[w]hen [the undersigned] stated he watched the video and gave his testimony of what he describe happened he violated rule 605." (Id. at PageID 560.) Elliot seemingly contends that in viewing the video footage that the court allowed Elliot to file in response to defendants' motions for summary judgment, the undersigned became a witness who must recuse from the case.

Federal Rule of Evidence 605 states, "the presiding judge may not testify as a witness at the trial." Further, 28 U.S.C. § 455(b)(5)(iv) requires that a judge recuse if they are "likely to be a material witness in the proceeding." The undersigned has not provided any testimony in Elliot's case; therefore, Rule 605 has not been violated. Nor is the undersigned likely to be called as a material witness. The undersigned has no personal knowledge

- 9 -

of the facts of this case but has merely ruled on motions and made findings of fact based on the evidence presented. Therefore, recusal under 28 U.S.C. § 455(b)(5)(iv) is not warranted.

**C.   The Alleged Violation of Elliot's Right to Record Conference**

Elliot also claims that his First Amendment rights were violated when he was not allowed to record the telephonic scheduling conference. (ECF No. 149 at PageID 560.) This issue was previously brought before the presiding district judge in Elliot's "Motion Under [Federal Rule of Civil Procedure 54(b)] Order [Affirming] Motion to Recuse" (ECF No. 63.) The district judge denied the motion because the Local Rules prohibit the "recording or transmission of Court proceedings." (ECF No. 78 at PageID 238.) Additionally, there is no First Amendment right to record court proceedings. See McKay, 2014 U.S. Dist. LEXIS 49417, at *16 (citing Estes, 381 U.S. at 539; Chandler, 449 U.S. at 569).

### III. CONCLUSION

For the reasons above, Elliot's Motion for Recusal is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 18, 2022
Date

- 10 -